UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X   **Docket No.:**
NYDIA DIXON,

                Plaintiff,

   -against-                            **COMPLAINT**

EXPERIS US, INC., MANPOWERGROUP US, INC. and JOHN and JANE DOE (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants),    **JURY TRIAL REQUESTED**

                Defendants.
--------------------------------------------------------X

Plaintiff, **NYDIA DIXON**, by her attorneys, **MADUEGBUNA COOPER, LLP**, for her complaint herein alleges:

## I. THE NATURE OF THIS ACTION

1. This is an action for declaratory judgment and money damages to remedy discrimination on the basis of sex, pregnancy and familial status in the terms, conditions and privileges of employment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"); the New York Human Rights Law as contained in New York State Executive Law, § 296 *et. seq.* ("NYSHRL") and New York City Human Rights Law as contained in the Administrative Code of the City of New York, § 8-107 *et seq.* ("NYCHRL").

2. Specifically, Plaintiff contends that due to her sex, pregnancy and familial status, her employment was terminated.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

4.     This Court has supplemental jurisdiction over the state and city causes of action pleaded.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the underlying events took place in this district.

## III.    PROCEDURAL REQUIREMENTS

6.     Immediately after commencing this action, Plaintiff will serve a copy of the complaint upon the New York City Commission of Human Rights and the Corporation Counsel of the City of New York, in accordance with New York City Administrative Code Section 8-502(c).

7.     Charges of discrimination have been filed with the U.S. Equal Employment Opportunity Commission ("EEOC") pursuant to Title VII, 42 U.S.C. § 2000 *et seq.* and Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) ("PDA").

8.     The EEOC issued a Right to Sue Notice to Plaintiff on September 15, 2017, which Plaintiff received on or around September 22, 2017.

9.     This lawsuit was commenced within 90 days of Plaintiff's receiving the Right to Sue Notice.

**IV.     PARTIES**

10.     Plaintiff is a thirty-two (32) year-old female.

11.     At all relevant times, Plaintiff was a resident of the City and State of New York.

12.     Plaintiff was continuously employed by Defendants EXPERIS US, INC. ("EXPERIS") and MANPOWERGROUP US, INC. ("MANPOWER") from October 12, 2015 to August 26, 2016 in the position of Office 365 Concierge Ambassador.

13.     At all relevant times, Defendant MANPOWER was a multinational temporary employment staffing corporation.

14.     At all relevant times, Defendant EXPERIS was a wholly owned subsidiary of Defendant MANPOWER, offering temporary placement of staff to information technology, finance and accounting companies.

15.     At all relevant times, Defendant EXPERIS was a New York corporation, maintaining an office at 99 Park Avenue, 9th floor, New York, New York.

16.     At all relevant times, Microsoft Corporation ("Microsoft") contracted with and was a client of Defendant EXPERIS for the placement of temporary staff such as Plaintiff.

17. During the relevant time, each Defendant was charged with ensuring that its employees, such as Plaintiff, were not subjected to discrimination on the basis of sex, pregnancy or familial status.

18. At all relevant times, Defendants aided and abetted the discriminatory acts of each other taken against Plaintiff.

## V. FACTS COMMON TO ALL CAUSES OF ACTION

*Plaintiff's Agreement with Defendant EXPERIS:*

25. On September 29, 2015, Plaintiff signed an Assignment Confirmation employment agreement (the "agreement") with Defendant EXPERIS.

26. Under the terms of the agreement, Plaintiff was assigned to work remotely from her home as an Office 365 Concierge Ambassador ("Ambassador") for Microsoft, with an anticipated start date of October 12, 2015 and anticipated end date of June 30, 2016.

27. In this position, Ambassadors are required to have solid working knowledge of enterprise messaging administrative concepts and expertise with Microsoft Exchange Server 2007/2010/2013, Windows client, Windows Server, Active Directory, and Mobile device technologies.

28. As an Ambassador, Plaintiff was responsible for, inter alia, documenting requests for service in the company ticketing system; installing, configuring and supporting Microsoft Office 365 on different platforms; providing

phone and remote troubleshooting support and representing Microsoft and communicating with corporate customers.

29. In this position, Plaintiff was eligible for a variety of benefits.

30. As of January 29, 2016, Plaintiff became eligible for fifteen paid time-off ("PTO") days through Defendant EXPERIS, which could be rolled over from year to year.

31. Plaintiff performed admirably as an Ambassador, and her work was highly regarded by Microsoft and her supervisors with Defendant EXPERIS.

*Plaintiff Signs a Second Agreement with Defendant EXPERIS:*

32. On or around June 21, 2016, as a result of Plaintiff's exemplary performance, Defendant EXPERIS offered and Plaintiff executed a second agreement to continue working as an Ambassador for Microsoft.

33. Under the terms of the agreement, Plaintiff's anticipated start date was June 27, 2016, and her anticipated end date was June 30, 2017.

*Plaintiff Informs Defendant EXPERIS of her Pregnancy:*

34. On June 29, 2016, Plaintiff informed her Lead and direct supervisor, Chelsea Benson, that she was pregnant.

35. When Plaintiff announced her pregnancy, she had diligently been working and had not used any of her fifteen (15) PTO days.

36. On July 10 and 11, 2016, Plaintiff could not work due to illness related to her pregnancy and used two (2) of her PTO days.

37. Plaintiff worked on July 12 but was forced to use six (6) additional PTO days from July 13 – 15 and 18 – 20, 2016 due to illness related to her pregnancy.

38. As of July 21, 2016, the date she returned to work, Plaintiff had seven (7) PTO days remaining.

*Defendant EXPERIS Harasses Plaintiff about a Certification Form:*

39. On July 21, 2016, Plaintiff was informed via email by Richard Doulaghsingh, an employee of Defendant EXPERIS, that she could not return to work unless she and her physician certifies the nature of Plaintiff's "disability" and fitness for work on a "Certification of Health Care Provider" form and return same to Plaintiff's manager.

40. The form stated in pertinent parts that:

> "ManpowerGroup will make every effort to **evaluate and reasonably accommodate associates with a disability** that is supported by objective medical data,"
>
> and
>
> "**In order for ManpowerGroup to verify and document a disability and engage in an interactive process to explore requested accommodation**, please have your health care professional supply the following information by completing this form legibly. Your provider may submit additional information

>on their letterhead. It is your responsibility to provide this form to your health care provider." (Emphasis added)

41. After receiving Mr. Doulaghsingh's email, Plaintiff emailed the direct supervisor of Ms. Benson, Daniel Vargas, and requested contact information for Human Resources ("HR") regarding the form.

42. Plaintiff also replied to Mr. Doulaghsingh's email, informing him of her concerns regarding the disability language and his request that she provide sensitive medical information to someone not in the HR department.

43. On July 25, 2016, Mr. Doulaghsingh told Plaintiff that it was a requirement prior to returning to work for her doctor to complete the form and advise of her availability, and asked that she turn in the form the following day, July 26.

44. Considering the heavy patient load of her doctor, this request was impossible for Plaintiff to meet.

45. On July 26, 2016, Plaintiff emailed Amy Lawrenz and Jenni Mellen, both HR employees with Defendant MANPOWER, to further express her concerns about the form and potential violations of her rights under the Health Insurance Portability and Accountability Act ("HIPAA").

46. On July 27, 2016, Ms. Lawrenz responded and agreed that Plaintiff should not share the form with any manager, but also told Plaintiff that the form needed to be submitted to her.

47. At no point did Ms. Lawrenz explain why the form itself was needed, nor did she tell Plaintiff that she could simply provide a note from her doctor.

48. Moreover, although Experis Manpower Group's Employee Manual reserves discretion concerning when employees may take PTO, it is silent regarding forcing non-disabled employees to certify any reasonable accommodations that they may or may not need.

49. At all relevant times, from July 20 through August 17, 2016, Plaintiff attempted to explain, to no avail, that she was not disabled, was ready and willing to work and was no longer ill.

50. It was not until August 18, 2016 that Ms. Lawrenz finally advised Plaintiff that she could simply obtain a note from her doctor, and requested that the note be sent to her by the close of business that same day.

51. Plaintiff protested that this was not enough time for her to obtain the doctor's note. As a result, Ms. Lawrenz informed Plaintiff on Friday, August 19, 2016 at 6:18 PM, well past the close of business, that the doctor's note needed to be sent to her by the following Tuesday, August 23.

52. Plaintiff told Ms. Lawrenz that her doctor's office was closed on weekends, and given both the amount of time that had passed since Plaintiff's use of her PTO days and the fact that she was pregnant, her doctor would not certify her for work without examining her.

53. Despite Plaintiff's good-faith attempt to obtain an appointment and note from her doctor, she was unable to meet the arbitrary August 23 deadline.

*Plaintiff's Assignment is Terminated:*

54. On August 26, 2016, Plaintiff received an email from Barb Worzalla, a Defendant MANPOWER People and Culture Resource Consultant, stating that Plaintiff had abandoned her position bay failing to contact Ms. Lawrenz "or any other member of [her] management chain to further discuss [her] return to work."

55. Plaintiff, surprised by such a false assertion, especially given her extensive communication and contact with Ms. Lawrenz, immediately disputed Ms. Worzalla's allegation.

56. It was not until September 8, 2016, almost two weeks later, did Ms. Worzalla respond, claiming that although Defendants EXPERIS and MANPOWER understood that it was not Plaintiff's intent to allegedly abandon her position, such position was no longer available, but it would provide assistance in helping her find a new assignment.

57. Upon receipt, Plaintiff contacted her co-workers at EXPERIS about Ms. Worzalla's latest assertion and was told that they were undermanned and that Plaintiff's position had not been filled and was clearly still available.

58. In addition, Defendants EXPERIS and MANPOWER advertised Plaintiff's former Ambassador position on their website as late as October 24, 2016.

59. Despite Ms. Worzalla's promise that Defendants EXPERIS and MANPOWER would assist Plaintiff in finding a new assignment, at no point, since September 8 to date, has Plaintiff ever been informed about the availability of her former Ambassador position or any new position with EXPERIS or MANPOWER.

60. Moreover, Plaintiff took the initiative of reapplying for her position, only to receive a generic response that her application would be reviewed.

61. At no point did Plaintiff receive a response to her application for a position that she was already familiar with, had worked well in and even had a second contract offered as a result of her commendable performance.

62. Defendants took all the foregoing actions in order to deprive Plaintiff of employment opportunities and other contractual opportunities because of her sex, pregnancy and familial status.

63. As a proximate result of Defendants' discriminatory conduct towards Plaintiff, Plaintiff has suffered and continues to suffer significant monetary loss, and damages, including the loss of past and future earnings, and other employment benefits.

64. As a further proximate result of Defendants' actions, Plaintiff suffered and continues to suffer from anxiety, depression, severe emotional distress, lasting embarrassment, humiliation and anguish, as well as other incidental and consequential damages and expenses.

65. Defendants' conduct was outrageous and malicious, intended to injure Plaintiff, and carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

66. Plaintiff has no complete, plain, clear, or adequate remedy at law.

## **FIRST COUNT AGAINST ALL DEFENDANTS**
### **(Pursuant to Title VII)**

67. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

68. Defendants subjected Plaintiff to differential terms and conditions of employment because of her sex and pregnancy.

69. These differential terms and conditions of employment include, but are not limited to:

    a. Requiring Plaintiff to have her doctor complete a form certifying a disability, even though a simple doctor's note would suffice;

    b. Requiring Plaintiff to submit sensitive medical information to an unknown manager who did not work in HR in violation of

        her HIPAA rights;

c. Taking weeks to inform Plaintiff that she could submit a simple doctor's note to certify her fitness to work;

d. Imposing short and arbitrary deadlines for Plaintiff to obtain and submit her doctor's note and

e. Terminating Plaintiff's employment; and

f. Falsely claiming Plaintiff had abandoned her position as pretext to terminate her employment.

70. All the foregoing actions were taken by the Defendants in order to deprive Plaintiff of employment and other contractual opportunities on account of her sex and pregnancy.

71. Because of the willful and deliberate actions of the defendants, and as a proximate cause thereof, Plaintiff has been denied her right to equal employment opportunity in violation of Title VII.

72. By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial but estimated to be no less than One Hundred Thousand ($100,000.00) Dollars.

**SECOND COUNT AGAINST ALL DEFENDANTS**
**(Sex, Pregnancy and Familial Status Discrimination**
**in Violation of the NYSHRL)**

73. Plaintiff repeats and realleges each allegation in each numbered

paragraph above.

74. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL.

75. Plaintiff was pregnant and a member of a protected class.

76. Plaintiff was satisfactorily performing the duties requires by the position.

77. Plaintiff was discharged under circumstances raising an inference of discrimination by being terminated shortly after she announced her pregnancy.

78. By adversely affecting the terms, conditions and privileges of Plaintiff's employment because of her sex, pregnancy and familial status, Defendants violated the New York State Human Rights Law.

79. By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial but estimated to be no less than One Hundred Thousand ($100,000.00) Dollars.

### THIRD COUNT AGAINST ALL DEFENDANTS
(Sex and Pregnancy Discrimination in Violation of the NYCHRL)

80. Plaintiff repeats and realleges each allegation in each numbered paragraph above.

81. At all relevant times, Plaintiff was an "employee" within the meaning of the NYCHRL.

82. Plaintiff was pregnant and a member of a protected class.

83. Plaintiff was satisfactorily performing the duties required by the position.

84.     Plaintiff was discharged under circumstances raising an inference of discrimination by being terminated shortly after she announced her pregnancy.

85.     By adversely affecting the terms, conditions and privileges of Plaintiff's employment because of her sex and pregnancy, Defendants violated the New York City Human Rights Law.

86.     By reason of the wanton, unrepentant, reckless, and egregious conduct of the defendants herein-above alleged, Plaintiff claims punitive damages under this Count.

87.     By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial but estimated to be no less than One Hundred Thousand ($100,000.00) Dollars.

## PUNITIVE DAMAGES

88.     Plaintiff claims punitive damages by reason of the wanton, unrepentant, reckless and egregious conduct of the defendants herein-above alleged.

**WHEREFORE,** Plaintiff prays that this Court grant her judgment containing the following relief:

a.     Impanel a jury to hear Plaintiff's claims;

b.     An award of damages in an amount to be determined upon the trial of this matter to compensate Plaintiff for her monetary loss and damages,

including Plaintiff's loss of past and future earnings, bonuses, compensation, and other employment benefits;

c. An award of damages to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury for each cause of action;

d. An award of damages in an amount to be determined upon the trial of this matter to compensate Plaintiff for violations of her rights under Title VII, the NYSHRL and the NYCHRL;

e. An award of punitive damages to be determined at the time of trial for each cause of action;

f. An award of reasonable attorneys' fees and costs related to Plaintiff's claims under Title VII, and the NYCHRL, and;

g. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 12, 2017

Respectfully Submitted,

_____
SAMUEL O. MADUEGBUNA, ESQ.
**MADUEGBUNA COOPER LLP**
Attorneys for Plaintiff, NYDIA DIXON
30 Wall Street, 8th Floor
New York, New York 10005
(212) 232-0155

TO:    EXPERIS US, INC.
        99 Park Avenue, 9th Floor
        New York, New York 10016

        MANPOWERGROUP US, INC.
        99 Park Avenue, 6th Floor
        New York, New York 10016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       Docket No.:

-------------------------------------------------------------------------------------------------
NYDIA DIXON,

                                              *Plaintiff,*

    *-against-*

EXPERIS US, INC., MANPOWERGROUP US, INC. and JOHN and JANE DOE (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants),

                                              *Defendants.*
-------------------------------------------------------------------------------------------------

                                *COMPLAINT AND JURY DEMAND*

-------------------------------------------------------------------------------------------------
*Signature (Rule 130-1.1-a)*

_____
*Print name beneath*
SAMUEL O. MADUEGBUNA, ESQ.

                                              *Yours, etc.*

                                   *MADUEGBUNA COOPER LLP*
                                     *Attorneys for Plaintiff*
                                     *30 Wall Street, 8th Floor*
                                   *New York, New York 10005*
                                       *(212) 232- 0155*

*To: All Counsel of Record*
*Service of the within is hereby admitted on*
_____
*Attorneys for*